## Spencer v. Commonwealth.

(Decided March 4, 1930.)

G. B. STAMPER for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of the murder of Ance Gilbert, and fixing his punishment at life imprisonment.

The only ground relied on for reversal is that the verdict is flagrantly against the evidence. The facts are these: The homicide occurred on December 24, 1928, on Shoulderblade creek, near the town of Jackson. On that afternoon there was a crowd attending a turkey and chicken shooting match, and, it being Christmas Eve, some promiscuous shooting was indulged in. During the afternoon appellant and the deceased, Ance Gilbert, played partners in a card game with Oscar and Mace Combs. Others were present watching the game. Appellant and the deceased were second cousins, and their relations had always been friendly. They were friendly until the card game broke up. When that occurred, appellant and Gilbert started in the direction of Gilbert's home. On their way they stopped at a store and Gilbert bought some cartridges for his pistol. Upon leaving the store they proceeded in the direction of the home of the deceased. Late that evening Gilbert's body was found in the public road with three holes in it, and one in the side of his head. Two of the shots entered from the back.

Though that morning the deceased had a pocketbook containing several bills of a large denomination, none of them were found on his person. Appellant's account of the homicide is as follows: As they proceeded along the road, Gilbert accused him of playing his hand off and dividing his money with the Combs boy. Appellant denied the accusation and Gilbert called him a "God damn liar." Gilbert also said: "I know (Oscar Combs called you off and gave you your money back." Appellant said, "He didn't." Gilbert then jerked his pistol and hit appellant across the head with the barrel. Gilbert then gouged appellant in the breast, and said, "God damn you, I am going to kill you while I have got you here." Appellant grabbed the barrel. The butt flew out of Gilbert's hand. Appellant then grabbed the butt with his other hand and Gilbert grabbed the barrel. Appellant jerked the pistol loose and the pistol fired. Altogether there were three shots fired. He shot because he was afraid Gilbert would kill him. On cross-examination he said he could not tell whether the first shot was accidental or not. He jerked the pistol loose and it fired. When the pistol fired, Gilbert let loose of the barrel and grabbed appellant by the left arm. Appellant then fired two more shots. Gilbert never fell loose from him until the last shot fired. They were scuffling here and yonder. At no time did he get behind Gilbert. Gilbert did not have hold of the pistol when the next two shots were fired. He could not explain to the jury how he shot Gilbert in the back or in the head. After leaving, he stopped at Alfred Hollon's and got some cartridges. He then went to Dan Griffith's. He did not tell Hollon about killing Ance Gilbert. Afterwards he went to Pearl Combs' house and then to Lizzie Hounshell's. He did not tell Lizzie Hounshell anything about killing Gilbert, or about being hit in the head. He did tell Grover Anderson that Ance Gilbert hit him across the head. After he shot Gilbert he did not look to see whether he was dead or not, and did not speak to him.

For appellant it is argued that, as he and the deceased left the card game in a friendly mood, the only reasonable explanation of the difficulty is that given by appellant, and his evidence is uncontradicted. Even if we accept appellant's evidence, it is by no means clear that, at the time of the homicide, he was in real or apparent danger at the hands of the deceased. On the con-

trary the jury might well have concluded that, as he had hold of the butt of Gilbert's pistol, and Gilbert had no other weapon, the claim of self-defense was without merit. But aside from all this the jury were not required to accept appellant's evidence as true, especially in view of his inability to explain how it happened that he shot the deceased twice in the back. On the contrary they had the right to reject appellant's story and conclude from the evidence that appellant either had Gilbert's pistol in his possession, or took it from his holster and shot and killed him without justification or excuse.

In the circumstances, we cannot say that the verdict is flagrantly against the evidence.

Judgment affirmed.